**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Jillian Malamalama Ke Anuenue Neal,<br><br>   Defendant. | No. CR-22-02454-008-TUC-RCC (MSA)<br><br>**ORDER** |

Before the Court is nonparty CoreCivic, Inc.'s motion to intervene. (Doc. 202.) CoreCivic takes issue with an Order allowing Defendant Jillian Malamalama Ke Anuenue Neal, who is released, to have in-person visits with Codefendant Alberto Gabriel Aranda-Ramon, who is detained at a CoreCivic facility. (Doc. 194.) CoreCivic asserts that its "policy" prohibits in-person visits between current detainees (like Aranda-Ramon) and former detainees (like Neal). It therefore seeks leave to intervene so that it can then seek relief from the visitation Order.

CoreCivic provides a few pages of analysis regarding its ability to satisfy the civil intervention rule. *See* Fed. R. Civ. P. 24. However, as to the threshold question whether the civil intervention rule applies in this criminal case, CoreCivic offers only a footnote:

> Indeed this is a criminal matter and not a civil matter. However, Intervenor CoreCivic's interest in intervention on the limited issue to be heard on the Visitation Order is civil in nature where the issue involves CoreCivic policies and procedures for the operation of a detention center that serves the detention needs of the United States Marshals Service . . . and thus necessarily also addresses the civil rights and conditions of confinement of federal detainees. Accordingly, CoreCivic references the Federal Rules of

Civil Procedure related to intervention.

(Doc. 202 at 2.)

Noticeably absent is a citation for the proposition that the civil rules apply to civil issues within criminal cases. The Court's own research indicates the "general rule" is that nonparties "lack standing to intervene in criminal prosecutions." *United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017); *see United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) ("There is no provision in the *Federal Rules of Criminal Procedure* for intervention by a third party in a criminal proceeding; intervention in civil proceedings is governed by Rule 24 of the *Federal Rules of Civil Procedure*, which does not apply in a *criminal* case."). Exceptions have been made for intervenors who seek to "assert the public's First Amendment right of access to criminal proceedings," *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008), and for intervenors who seek to raise a privilege claim or protect some other federal right, *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004). The Court has found no exception, however, for intervenors who are concerned about violations of company policy. CoreCivic's motion will consequently be denied.

Despite the foregoing, the Court will, of its own accord, withdraw the visitation Order. It is well-established that federal courts should not interfere with matters of prison and jail administration. *See Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) ("We defer to the judgment of corrections authorities, particularly with regard to matters of security, because we recognize that running a prison or jail is an inordinately difficult undertaking with which prison or jail authorities have particular expertise." (internal quotation marks and brackets omitted) (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987))). The Court was led to believe that the visitation Order would do no such thing: Neal represented, in her motion, that she was advised by a CoreCivic staff member that she could "no longer visit with Mr. Aranda-Ramon without a court order allowing the visits," thus indicating that an order would be proper; and the Government did not object to Neal's

motion. The Court now knows otherwise and will act accordingly.[1]

**IT IS ORDERED** that CoreCivic's motion to intervene (Doc. 202) is **denied**.

**IT IS FURTHER ORDERED** that the Order dated July 11, 2023 (Doc. 194) is **withdrawn**. Defendant Neal's motion (Doc. 191) is **denied**.

Dated this 17th day of August, 2023.

*(signature)*
Honorable Maria S. Aguilera
United States Magistrate Judge

---

[1] The Court waited 14 days to give the parties a chance to respond to CoreCivic's motion. *See* LRCrim. 12.1(a); LRCiv 7.2(c) (providing for a 14-day response deadline). The Government did not respond. Nor did Neal, although CoreCivic's goal was to undo an Order that had been entered at her request and for her benefit. Presumably, then, neither party objects to the Order being withdrawn.